**E-FILED**
Wednesday, 06 November, 2013 09:46:10 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **BRYANT ADAMS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.: 13-2221-JES-JAG** |
| **PAUL TALBOR, MARRY MILLER, LOUIS SHICKER, KEITH ANGLIN, LUKE HARTIGAN, TY BATES, SUZANN BAILEY, WEXFORD HEALTH SOURCES, INC., and UNIVERSITY OF ILLINOIS MEDICAL CENTER,** | ) | |
| **Defendants.** | ) | |

**MERIT REVIEW OPINION**

**JAMES E. SHADID, Chief U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Bryant Adams' claims.

**MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Adams has alleged four causes of action against Defendants—two federal causes of action and two state law causes of action. As for his federal causes of action, Adams contends that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by requiring him to eat a soy based diet. Adams alleges that this soy based diet has caused him to suffer physical illness and stomach problems.

Adams' second federal cause of action is similar to his first. In Count II of his Complaint, Adams alleges that Defendants were deliberately indifferent to his serious medical needs. Specifically, Adams contends that his long-term consumption of soy based foods while at the Illinois Department of Corrections has caused him to develop an H. pylori infection.

Adams' state law claims are related to his federal claims. Adams avers that Dr. Talbot, Mary Miller, Louis Shicker, Wexford Health, and the University of Illinois Medical Center are

liable to him for medical malpractice or medical negligence and that Keith Anglin, Luke Hartigan, Ty Bates, and Suzann Bailey are liable to him for the intention infliction of emotional distress. Accordingly, Adams has filed this suit under 28 U.S.C. § 1983 and 28 U.S.C. §1367 seeking injunctive and monetary relief.

**A. Adams has failed to state a federal cause of action.**

In order to succeed on his claim that Defendants violated his Eighth Amendment rights by failing to provide him with a proper diet, Adams must demonstrate that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the conditions-of-confinement context, an inmate must show "a serious deprivation of basic human needs," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), or denial of the "minimal civilized measure of life's necessities . . ." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Second, he must show that prison officials acted with deliberate indifference to that risk, a subjective inquiry into a prison official's state of mind. *Farmer*, 511 U.S. at 383-39. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prison official may be held liable only if he knows an inmate faces a substantial risk of serious harm and "disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Shockley v. Jones*, 823 F.2d 1068,

1072 (7th Cir. 1987).

In the instant case, the Court finds that Adams' complaints regarding a soy-based diet fail to state a claim under the Eighth Amendment's prohibition against cruel and unusual punishment. The Seventh Circuit has held that a well-balanced diet that contains adequate nutritional value, despite being cold or poorly prepared, does not violate the Constitution. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994)(quoting *Smith v Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)). As to the allegations made in this case, at least three courts have determined that an inmate's Eighth Amendment rights were not violated after he allegedly became ill after eating soy-based foods. *Martin v. Scott*, 156 F.3d 578, (5th Cir. 1998)("The conditions complained of by Martin, including his contention that he was subjected to cruel and unusual punishment when he became ill after being fed Vita–Pro—a soy-based meat substitute—simply do not rise to the level of cruel and unusual punishment."); *Floyd v. McNeil*, 2011 WL 6955839 (N.D. Fla. Dec. 5, 2011)("The amount of soy, as shown by the relevant evidence, simply cannot be found to violate "contemporary standards of decency," or constitute the denial of "the minimal civilized measure of life's necessities."); *Johnson v. Randle*, 2012 WL 1964996, * 9 (S.D. Ill. May 31, 2011)(finding that the allegations of health problems associated with soy intake do not state a claim for damages where the inmate could not show that defendants knew of the risk of harm); *c.f. Helling v. McKinney*, 509 U.S. 25, 36 (1993)(holding that the inmate must show that the risk of which he complains is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk").

The Court agrees with these courts that merely being fed a diet based upon soy or soy-based products does not constitute conditions posing a substantial risk of serious harm in violation of an inmate's Eighth Amendment rights. *Farmer*, 511 U.S. at 834. Thus, the Court

finds that Count I of Adams' Complaint fails to state an Eighth Amendment claim based upon the conditions of his confinement, *i.e.*, that feeding him a soy-based diet violates the Eighth Amendment.

Likewise, the Court finds that Count II of Adams' Complaint fails to state a cause of action upon which relief can be granted because his allegations of deliberate indifference to a serious medical need are belied by his own allegations and the attachments to his complaint. *McCready v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007)(even a pro se plaintiff may plead himself out of court).

"In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno*, 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer*, 511 U.S. at 836-37 ("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

Here, Adams has not alleged that Defendants were deliberately indifferent or that his medical condition was serious. Indeed, the documents—including medical records—that Adams

attached to his Complaint establish that Adams received medical treatment when he sought it, and he received medication for his stomach ailment. To the extent that Adams attempts to tie his deliberate indifference to a serious medical need claim to his soy based diet claim, the Court finds that his claim fails for the reasons given above. Just because Adams complained about a soy based diet, that does not mean that Defendants knew of the risks of a soy based diet to Adams and ignored them.

In addition, Adams has failed to allege properly that an H. pylori infection is a serious medical condition for purposes of the Eighth Amendment. Adams says it is, but the documents attached to his Complaint show otherwise. Fed. R. Civ. Pro. 10(c); *Wynn v. Southward*, 251 F.3d 588, 594 (7th Cir. 2001)(forms to a complaint become part of a complaint for purposes of the court's merit review). The medical information that Adams attaches to his Complaint demonstrates that H. pylori is an infection that can be treated with antibiotics. According to Adams, he received a prescription for Zantac, but it did not help. This might be so, but the failure of a prescribed medication to work is not a violation of the Eighth Amendment. And, because (again, according to the documents attached) the H. pylori infection is present in about half the people in the world, the Court cannot say that it constitutes a serious medical condition for purposes of the Eighth Amendment. *Jackson v. Pollion*, 2013 WL 5778994, * 3 (7th Cir. Oct. 28, 2013)(finding that a slight elevation in blood pressure for a short period of time does not constitute a serious medical condition for purposes of the Eighth Amendment). Accordingly, the Court finds that Adams has failed to state a claim under the Eighth Amendment upon which relief can be granted.[1]

---

[1] Although it does not base its ruling on this defense, the Court posits whether the case would proceed much past the merit review stage anyways (at least as far as Adams' damages claim goes) because Defendants are likely entitled to the qualified immunity defense. "To determine if

**B. The Court declines to exercise supplemental jurisdiction over his state law claims.**

Because the Court has dismissed Adams' federal claims, it declines his invitation to exercise jurisdiction over his state law claims. The Seventh Circuit has explained that, generally, district courts should dismiss, without prejudice, supplemental state law claims once all of the federal claims have been dismissed. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). Although exceptions to this general proposition exist, *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)(setting forth the exceptions), none of those exceptions is relevant here. Accordingly, the Court dismisses Adams' supplemental state law claims without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff Bryant Adams' federal claims are dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court declines to exercise supplemental jurisdiction over Adams' state law claims, and those claims are dismissed without prejudice. Any further amendment to the Complaint would be futile because Plaintiff's federal claims are not cognizable.

2. This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

---

qualified immunity applies, the courts employ a two-prong test: (1) whether the facts viewed in a light most favorable to the injured party, demonstrate that the conduct of the officers violated a constitutional right, and (2) whether that right was clearly established at the time the conduct occurred." *Hardaway v. Meyerhoff*, ___ F.3d ___, 2013 WL 5881561, * 2 (7th Cir. Sept. 20, 2013)(citing *Marion v. Columbia Correctional Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). As one district court has recently noted, although "soy-diet prison litigation is currently en vogue, Plaintiff has made no showing that Defendants knew a soy-heavy diet posed any risk." *Munson v. Gaetz*, ___ F. Supp. 2d ___, 2013 WL 3771500, * 3 (S.D. Ill. July 17, 2013). In reaching this conclusion, the district court noted that there is no case law finding that soy-rich diets violate the constitution, and thus, no defendant would be informed that providing a high-soy diet violates a prisoner's constitutional rights. *Id.*

3. Plaintiff must still pay the full docketing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court as directed in the Court's prior Order.

4. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

5. **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is also directed to record Plaintiff's strike in the three-strike log.**

Entered this 6th day of November 2013.

/s James E. Shadid
JAMES E. SHADID
CHIEF UNITED STATES DISTRICT JUDGE